**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIANO HERNANDEZ-ESCALANTE, | Case No.: 26cv2149 DMS AHG |
| Petitioner, | **ORDER GRANTING PETITION** |
| v. | |
| CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Pet., ECF No. 1.) Respondents filed a return. (Return, ECF No. 4.) Petitioner did not file a traverse. For the following reasons, the Court grants the Petition.

Petitioner, a Mexican national, last entered the United States on September 20, 2022. (Pet. ¶ 16.) He was detained by Respondents on or about February 23, 2026. (*Id.* ¶ 17.) He remains detained at the Otay Mesa Detention Center and has yet to receive a bond hearing. (*See id.* ¶¶ 17–20.) Petitioner contends he should be detained under 8 U.S.C. § 1226(a), (*id.* ¶¶ 27, 29), which entitles qualified noncitizens to a bond hearing. 8 U.S.C. § 1226(a). Respondents acknowledge the prior Orders from this District, arising from

1

factually similar cases, directing the Government to provide certain noncitizens with bond hearings pursuant to 8 U.S.C. § 1226(a).  (*See* Return 2.)

This Court has addressed the §§ 1225/1226 issue in several previous decisions, and found noncitizens like Petitioner here are appropriately detained under § 1226(a) as opposed to § 1225(b)(2)(A).  *See, e.g.*, *Garcia v. Noem*, 803 F.Supp.3d 1064, 1075–77 (S.D. Cal. 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)).  The Seventh Circuit and several district courts across the country came to the same conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *Mejia Diaz v. Noem*, No. 25-CV-960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025); *Colin v. Holt*, No. CIV-25-1189, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025); *Goorakani v. Lyons*, 812 F. Supp. 3d 401, 412 (S.D.N.Y. Dec. 15, 2025).  *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding § 1225 applies to noncitizens regardless of "where or how the alien entered the United States").  Based on this Court's reasoning in *Garcia*, and the reasoning of *Castañon-Nava*, the Court concludes Petitioner's detention is likewise governed by § 1226(a) as opposed to § 1225(b)(2)(A).  Accordingly, the Petition is **GRANTED**.

Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **fourteen (14) days** of the entry of this Order, and shall not deny Petitioner bond on the basis that § 1225(b)(2) requires mandatory detention. Further, the parties are **ORDERED** to file a Joint Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner has received a bond hearing and the outcome of that hearing.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv2149 DMS AHG